PEOPLE, PLAINTIFF AND APPELLEE, *v.* CESARI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of the Motor Vehicles Act.

No. 1220.—Decided December 11, 1917.

DISMISSAL OF PROSECUTION—CONGESTION OF CIVIL DOCKET—SPEEDY TRIAL.—The mere congestion of the civil docket is not just cause for delay in the disposition of criminal cases, for this would subordinate the rights of the accused under subdivision 2 of section 448 of the Code of Criminal Procedure to the convenience, rather than to the discretion, of the trial judge and would tend directly to destroy in actual practice the speedy trial contemplated by section 11 of the said code.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted, first in the municipal court and later in the District Court of Ponce, of a violation of the law regulating the operation of motor vehicles.

In the district court a motion to dismiss the case on the ground that the same had not been brought to trial within the statutory 120 days, was overruled by the trial judge for the reason that "at the beginning of the previous civil term, by an order of court entered with the approval of the attorneys present at the time, it was agreed that on account of the great number of matters pending the entire term should be devoted to civil cases."

The situation so outlined by the trial judge, arising before the call of the criminal docket, can hardly be regarded as operating a waiver on the part of the defendant in a pending criminal case of his right to a dismissal under the provisions of section 448 of the Code of Criminal Procedure.

To hold that mere congestion of the civil docket is just cause for delay in the disposition of criminal cases would subordinate the rights of the accused to the convenience, rather than to the discretion, of the trial judge, and would tend directly to destroy in actual practice the speedy trial contemplated by the code.

The judgment appealed from must be reversed and the case dismissed.

*Reversed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey absent.